1
2
3
4
5
6                    UNITED STATES DISTRICT COURT
7                           DISTRICT OF NEVADA
8                                  * * *
9    MARSHALL BURGESS, JR.,                    Case No. 3:18-cv-00309-MMD-WGC
10                            Plaintiff,                        ORDER
11         v.
12   STATE OF NEVADA, *et al.*,
13                            Defendants.
14

15        This action began as a *pro se* civil rights action filed pursuant to 42 U.S.C. § 1983

16   by a person who is no longer in state custody. On August 23, 2019, this Court issued an

17   order denying the application to proceed *in forma pauperis* for prisoners as moot because

18   Plaintiff was no longer incarcerated. (ECF No. 28.) The Court ordered Plaintiff to file a

19   fully complete application to proceed *in forma pauperis* for non-prisoners or pay the full

20   filing fee of $400.00 within 30 days from the date of that order. (*Id.*) The 30-day period

21   now has expired, and Plaintiff has not filed an application to proceed *in forma pauperis*

22   for non-prisoners, paid the full filing fee, or otherwise responded to the Court's order.

23        District courts have the inherent power to control their dockets and "[i]n the

24   exercise of that power, they may impose sanctions including, where appropriate . . .

25   dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831

26   (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure

27   to prosecute an action, failure to obey a court order, or failure to comply with local rules.

28   *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance

with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423–24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260–61; *Ghazali*, 46 F.3d at 53.

In the instant case, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor – public policy favoring disposition of cases on their merits – is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132–33; *Henderson*, 779 F.2d at 1424. The Court's order requiring Plaintiff to file an application to proceed *in forma pauperis* for non-prisoners or pay the full filing fee within 30 days expressly stated: "IT IS FURTHER ORDERED that if Plaintiff does not timely comply with this order, dismissal of this action may result." (ECF No. 4 at 2.) Thus, Plaintiff had adequate warning that

1  dismissal would result from his noncompliance with the Court's order to file an application
2  to proceed *in forma pauperis* for non-prisoners or pay the full filing fee within 30 days.

3  It is therefore ordered that this action is dismissed without prejudice based on
4  Plaintiff's failure to file an application to proceed *in forma pauperis* for non-prisoners or
5  pay the full filing fee in compliance with this Court's August 23, 2019 order.

6  It is further ordered that the Clerk of Court enter judgment accordingly.

7  DATED THIS 2nd day of October 2019.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE